# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | |
|---|---|
| ERIC FLORES,<br>      Petitioner, | §<br>§<br>§ |
| v. | §       EP-10-CV-26-KC |
| | § |
| RICHARD WILES, El Paso County Sheriff,<br>      Respondent. | §<br>§<br>§ |

## MEMORANDUM OPINION AND ORDER

Before the Court is Petitioner Eric Flores's *pro se* petition for a writ of habeas corpus. Therein, Flores, a state prisoner, claims 243rd District Court Judge David C. Guaderrama has denied him access to the courts. He asserts Judge Guaderrama does "not allow the petitioner to present nonfrivolous legal claims challenging the reason for [his] confinement."[1] For the following reasons, the Court will dismiss Flores's petition.

Flores characterizes his petition as arising under 28 U.S.C. § 2241.[2] Under § 2241, a federal district court may issue a writ of habeas corpus for a state prisoner who "is in custody in violation of the Constitution or laws or treaties of the United States."[3] Irrespective of the label a petitioner uses, however, the Court must consider a filed habeas petition under the proper statutory framework.[4]

---

[1]      Pet'r's Pet. 4.

[2]      Pet'r's Pet. 1.

[3]      28 U.S.C. § 2241(c)(3) (West 2009).

[4]      *See Felker v. Turpin*, 518 U.S. 651, 662-65 (1996) (discussing differences in types of habeas petitions); *Walker v. O'Brien*, 216 F.3d 626, 633 (7th Cir. 2000) (relying on *Felker* for looking beyond the label a given petitioner may use to characterize his action); *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1132 n.1 (5th Cir. 1987) (indicating that federal courts may construe and re-characterize a *pro se* prisoner action "according to the essence of the prisoner's claims, regardless of the label that the prisoner places on his complaint"); *Fisher v. Rose*, 757 F.2d 789, 792 n.2 (6th Cir. 1985) (construing an improper § 2254 petition as a petition filed pursuant to § 2241); *McLean v. Smith*, 193 F.Supp.2d 867, 871 (M.D.N.C.2002) (providing an overview of the differences between habeas petitions filed under § 2241 and § 2254).

Flores specifically claims that he is in custody as the result of a state court judgment.[5] The Court's "authority to grant habeas relief to state prisoners is [accordingly] limited by [28 U.S.C.] § 2254, which specifies the conditions under which such relief may be granted to 'a person in custody pursuant to the judgment of a State court.'"[6]

A prisoner must exhaust all remedies available in the state system as a prerequisite to obtaining § 2254 relief.[7] This exhaustion requirement reflects a policy of federal-state comity "designed to give the State an initial 'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights."[8] It also prevents "unnecessary conflict between courts equally bound to guard and protect rights secured by the Constitution."[9] A petitioner satisfies the exhaustion requirement when he presents the substance of his habeas claims to the state's highest court in a procedurally proper manner before filing a petition in federal court.[10] In Texas, the Court of Criminal Appeals is the highest court for criminal matters.[11] Thus, a Texas prisoner may satisfy the exhaustion requirement by presenting both the factual and legal substance of his claims to the Texas Court of Criminal Appeals in either a petition for discretionary

---

[5] *See State v. Flores*, No. 20090D03111 (243rd Dist. Ct., El Paso County, Tex. Oct. 2, 2009) (finding Flores guilty of aggravated assault with a deadly weapon).

[6] *Felker*, 518 U.S. at 662 (quoting 28 U.S.C. § 2254(a)).

[7] 28 U.S.C. § 2254(b)(1), (c) (West 2009); *Fisher v. Texas*, 169 F.3d 295, 302 (5th Cir. 1999). Moreover, although § 2241 does not explicitly require a state prisoner to exhaust available state court remedies before seeking federal habeas relief, the Court of Appeals for the Fifth Circuit has made it clear that a prisoner seeking relief under § 2241 must first exhaust available state remedies before filing a federal habeas petition, just like a habeas petition proceeding under § 2254. *Dickerson v. Louisiana*, 816 F.2d 220, 225 (5th Cir.1987).

[8] *Picard v. Connor*, 404 U.S. 270, 275 (1971) (quoting *Wilwording v. Swenson*, 404 U.S. 249, 250 (1971)).

[9] *Ex Parte Royall,* 117 U.S. 241, 251 (1886).

[10] *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Morris v. Dretke*, 379 F.3d 199, 204 (5th Cir. 2004).

[11] *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir. 1985).

review or a state habeas corpus proceeding pursuant to Texas Code of Criminal Procedure article 11.07.[12]

In the instant case, Flores's petition shows that he has not presented his claims in a procedurally proper manner in either a petition for discretionary review or a state petition for habeas corpus. It indicates that he has only petitioned an intermediate appellate court for a writ of mandamus and filed administrative complaints. Thus, he has not "exhausted the remedies available in the courts of the State."[13] Accordingly, it is plain from the face of Flores's petition that he has not satisfied the preconditions for review set forth in § 2254. Dismissal of his petition for lack of exhaustion is therefore warranted so that Flores may fully pursue his state remedies and then return to this court, if he so desires.

Moreover, a petition for writ of habeas corpus permits a petitioner to seek immediate or earlier release from custody.[14] Flores's petition, however, does not appear to directly attack the fact or duration of his confinement. Rather, it seems to assert constitutional claims regarding his access to the courts.[15] Such claims are not appropriately presented in a § 2254 habeas petition.[16] Such claims should be brought

---

[12] TEX. CRIM. PROC. CODE ANN. art. 11.07 (Vernon 2005 & Supp. 2009) ; *Tigner v. Cockrell*, 264 F.3d 521, 526 (5th Cir. 2001); *Alexander v. Johnson*, 163 F.3d 906, 908-09 (5th Cir. 1998).

[13] 28 U.S.C. § 2254(b)(1)(A).

[14] *See Wilkinson v. Dotson*, 544 U.S. 74, 81 (2005) ("[T]he Court has focused on the need to ensure that state prisoners use only habeas corpus (or similar state) remedies when they seek to invalidate the duration of their confinement-either directly through an injunction compelling speedier release or indirectly through a judicial determination that necessarily implies the unlawfulness of the State's custody."); *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) ("[A] state prisoner challenging his underlying conviction and sentence on federal constitutional grounds in a federal court is limited to habeas corpus."); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) ("A habeas petition . . . is the proper vehicle to seek release from custody.").

[15] *See Bounds v. Smith*, 430 U.S. 817, 828 (1977) (explaining a prisoner has a constitutional right of access to the courts under the First Amendment); *Lewis v. Casey*, 518 U.S. 343, 349 (1996) (adding a defendant violates the right of access to the courts only where a prisoner suffers actual harm in a particular lawsuit in which he is a party).

[16] *See Cook v. Texas Dep't of Criminal Justice*, 37 F.3d 166, 168 (5th Cir.1994) ("The core issue in determining whether a prisoner must pursue habeas corpus relief rather than a civil rights action is to determine whether the prisoner

in a 42 U.S.C. § 1983 civil rights complaint.[17] In sum, Flores may have chosen the wrong vehicle for challenging the alleged violations of his rights.[18]

Finally, a § 2254 petitioner may not appeal a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."[19] In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[20] To warrant a certificate of appealability as to claims that the district court rejects solely on procedural grounds, the petitioner must show both "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[21] Here, Flores is not entitled to a certificate of appealability because reasonable jurists would agree that he has not exhausted all remedies available in the state system.

Therefore, after carefully reviewing the record, the Court finds Flores's petition is subject to summary dismissal, pursuant to Rule 4 of the Rules Governing Section 2254 Proceedings, because he is

---

challenges the 'fact or duration' of his confinement or merely the rules, customs, and procedures affecting 'conditions' of confinement.").

[17] *See Carson*, 112 F.3d at 820 ("Generally, § 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures."); *Walker v. Navarro County Jail*, 4 F.3d 410 (5th Cir. 1993) ("In order for Walker's [§ 1983] claim to rise to the level of a constitutional violation of his right to access to the courts, he must allege that his position as a litigant was prejudiced by the mail tampering.").

[18] *Cook*, 37 F.3d at 168 ("Section 1983 is an appropriate legal vehicle to attack unconstitutional . . . procedures or conditions of confinement.").

[19] 28 U.S.C. § 2253(c)(1)(B) (West 2009).

[20] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[21] *Slack*, 529 U.S. at 484.

not entitled to § 2254 relief.[22]  Accordingly, the Court enters the following orders:

1. Petitioner Eric Flores's *pro se* petition by a person in state custody for a writ of habeas corpus under 28 U.S.C. § 2254 is **DISMISSED WITHOUT PREJUDICE**.

2. Additionally, Petitioner Eric Flores is **DENIED** a **CERTIFICATE OF APPEALABILITY**.

3. Finally, all pending motions in this cause, if any, are **DENIED AS MOOT.**

**SO ORDERED**.

**SIGNED** this **27th day of January 2010.**

_____
KATHLEEN CARDONE
UNITED STATES DISTRICT JUDGE

---

[22] *See* U.S.C.S. § 2254 Proc. R. 4(b) (West 2009) ("The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.").